IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **Michelle Dorset** <br><br>      Debtor. | Chapter 13 <br><br> Case No. 08-12339 (BLS) |
| **Michelle Dorset** <br><br>      Plaintiff, <br><br> v. <br><br> **American Home Mortgage Servicing, Inc.,** as successor in interest to Citi Residential Lending Inc., as service for U.S. Bank N.A., as Trustee of Citigroup Mortgage Loan Trust, Inc., Asset Backed Pass Through Certificates, Series 2006-AMC1 Under the Pooling and Servicing Agreement Dated September 1, Without Recourse, <br><br>      Defendant. | Adv. No. 11-53860 (BLS) <br><br> Related Dkt. Nos. 9, 16, 17, 22, 28 |

# OPINION[1]

Before the Court is the Motion to Dismiss (the "Motion") the adversary proceeding Complaint filed by American Home Mortgage Servicing, Inc. ("AHMSI"). The Complaint asserts that AHMSI is not entitled to enforce the mortgage note because the note is not a negotiable instrument and, for various reasons, the assignment of the note is invalid. AHMSI seeks to dismiss the Complaint primarily on grounds of judicial or collateral estoppel and principles of *res judicata*:  because the Debtor's chapter 13 plan, which acknowledged the

---

[1] Neither party disputes the Court's jurisdiction over this matter. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (I), (J), and (O). Venue is also proper here under 28 U.S.C. §§ 1408 and 1409.

secured mortgage debt, has already been confirmed and because the Debtor has consistently admitted to owing the debt, AHMSI contends that the Debtor cannot now challenge the validity of the claim. For the reasons that follow, the Court determines that *res judicata* prevents the Debtor from challenging the validity and priority of AHMSI's claim at this late stage. The Motion to Dismiss will be granted.

## I. BACKGROUND

On May 25, 2006, the Debtor obtained a loan from Argent Mortgage Company LLC, secured by a mortgage on the Debtor's real property. On May 22, 2008, a foreclosure action was initiated against that real property resulting in a default judgment about two months later. On October 9, 2008, the Debtor filed her chapter 13 petition. In Schedule D, the Debtor acknowledged "Citi" as a secured creditor based on a mortgage. The secured mortgage debt was not scheduled as contingent, unliquidated or disputed.

On February 13, 2009, AHMSI filed an "Assignment of Deed of Trust" with the Office of the Recorder of Deeds in New Castle County, Delaware. On March 11, 2009, the Debtor filed a proof of claim in favor of Citi Residential Lending based on the mortgage debt, but withdrew it soon after because, the next day, AHMSI filed a proof of claim based on the same debt. On March 31, 2009, AHMSI transferred the claim to U.S. Bank N.A., as Trustee c/o AHMSI. On May 26, 2009, the Court confirmed the Debtor's chapter 13 plan, which provided for regular payments to Citi on account of acknowledged prepetition mortgage arrearages. On June 9, 2009, the Court entered an order granting the Trustee's Application to Amend Claims Set Forth in Exhibit A of Motion to Allow Claims and Order. That Order deemed the prepetition mortgage arrears allowed unless an objection was made with in thirty days. No objection was filed within that time frame.

Following confirmation of the plan, the Debtor made mortgage payments to AHMSI. On October 5, 2009, AHMSI moved for relief from stay, but withdrew the motion after the Debtor filed a modified chapter 13 plan that provided for

payment of post-petition arrears. On January 22, 2010, AHMSI filed a second motion for relief from stay, but withdrew it a month later after the Debtor demonstrated that she was current on her payments to AHMSI. On May 31, 2011, AHMSI filed a third motion for relief from stay on account of alleged post-petition defaults in payments on the mortgage. The Debtor responded to the third motion for relief from stay by denying AHMSI's status as a secured creditor due to deficiencies in the recording or documentation of transfers of the mortgage and servicing rights. On November 18, 2011, the Debtor initiated this adversary proceeding and amended her schedules to list AHMSI's claim as disputed.

### *Debtor's Arguments*

The Debtor asserts three counts for relief in the Amended Complaint. The first objects to the proof of claim. The second count seeks a declaratory judgment that the mortgage lien is void. The third count requests denial of AHMSI's Motion for Relief From Stay in the main case because the Declaration in Support of the Motion for Relief fails under the Federal Rules of Evidence and AHMSI has not credited at least one post-petition payment.[2]

In the Amended Complaint, the Debtor asserts that AHMSI cannot enforce the mortgage note for multiple reasons. First, the Debtor argues that the mortgage note is not a negotiable instrument that AHMSI can enforce pursuant to state law because the "promise to pay" is governed by other, separate documents and is therefore not unconditional. The Debtor further argues that AHMSI has not shown a complete chain of assignment that would demonstrate its entitlement to enforce the note because it has only supplied an unendorsed note and a single, defective assignment. The Debtor further asserts that the assignment is void because it attempted to assign a backdated Deed of Trust whereas the Debtor executed a mortgage. Finally, the Debtor argues that the Limited Power of Attorney granted to the mortgagor is insufficient to authorize the assignment of the mortgage or deed of trust. The Debtor also asserts that she has standing to challenge the enforceability of the note.

---

[2]    As discussed *infra.*, the Court reserves consideration of the Motion for Relief from Stay and the Debtor's opposition thereto pending further proceedings in the main case, outside of this adversary proceeding.

*AHMSI's Arguments*

In response, AHMSI argues that the Debtor is procedurally barred from disputing the claim now because the 30-day period to object to claims passed over two years ago, the Debtor has repeatedly admitted that AHMSI is a secured creditor, and the Debtor is bound by the terms of the confirmed chapter 13 plan. Finally, AHMSI argues that it is, indeed, entitled to enforce the note under UCC Article 3 because the note is a negotiable instrument as contemplated by the Delaware Uniform Commercial Code

## II. LEGAL ANALYSIS

"The provisions of a confirmed plan bind the debtor and each creditor." 11 U.S.C. § 1327(a). Thus, "a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation." *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989); *See In re Layo*, 460 F.3d 289, 294 (2d Cir. 2006) (concluding that a chapter 13 confirmation order constitutes a final judgment on the merits); *Carvalho v. Fed. Nat'l Mortgage Assoc. (In re Carvahlo)*, 335 F.3d 45, 49 (1st Cir. 2003) ("[C]onfirmation of a Chapter 13 plan customarily is res judicata as to all issues that were or could have been decided during the confirmation process."). Pursuant to the doctrine of res judicata:

> when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Arizona v. California*, 530 U.S. 392, 424-5 (2000) (quoting *Nevada v. United States*, 463 U.S. 110, 129-130 (1983)). The confirmation of a plan and a debtor's challenge to a mortgage both address the issue of whether the underlying lien was valid.[3] *See In re Layo*, 460 F.3d 289, 294 (2d Cir. 2006); *In re Fennell*, 2012 WL 1536535 at *4 (Bankr. E.D.N.Y. May 2, 2012).

---

[3] The Debtor seeks to challenge AHMSI's ability to enforce the note. However, a judgment has already been entered based on the note in state court, which may also provide a basis for

In the Third Circuit, "fraud [i]s the only permitted ground for obtaining relief from an order of confirmation." *In re Fesq*, 153 F.3d 113, 119 (3d Cir. 1998) (denying relief where confirmation order was not procured by fraud); *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989); *In re York*, 250 B.R. 842, 845 (Bankr. D. Del. 2000). A complaint alleging fraud or "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Fed R. Bankr. P. 7009(b). Section 1330 allows a party in interest to request that the court revoke a confirmation order if it was procured by fraud within 180 days of the order's issuance. 11 U.S.C. § 1330.

Here, the Debtor had multiple opportunities to dispute the mortgage debt. However, the Debtor failed to challenge the mortgage debt during the state court foreclosure proceedings. The Debtor also had the opportunity to challenge the assignment of the mortgage once AHMSI filed its proof of claim. Instead, the Debtor acknowledged the debt in her schedules, provided for payment of the secured debt in the plan, and acknowledged the extent, validity and priority of the debt in her modification of the plan and her responses to AHMSI's motions for relief from stay. Furthermore, the Debtor continued to make payments on the claim for nearly two years post-confirmation. As the allegations of Complaint address the validity of the mortgage debt, which was already adjudicated both in state court and in the Confirmed Plan, the doctrine of res judicata prevents the Debtor from relitigating the issue.[4]

The Debtor's allegations of fraud are insufficient to obtain relief from the Confirmation Order. First, the Complaint fails to allege fraud with the particularity required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b). Even if the allegations satisfied the requirement, relief from the confirmed plan may be obtained only where the confirmation order was procured by fraud,

---

application of res judicata. *See Ezekoye v. Ocwen (In re Ezekoye)*, 185 Fed. Appx. 181, 184 (3d Cir. 2006) (dismissing debtor's appeal of order granting relief from stay based upon alleged fraud in state court mortgage foreclosure proceeding, where bankruptcy court had ruled that foreclosure action was appropriate and could not be set aside under principles of res judicata).

[4]    The Court notes that Debtor's counsel suggests that legal theories for attacking mortgage claims have only come to light in recent years due to widely publicized reporting on the mortgage crisis. This may be so, but it does not provide a basis for denying preclusive effect to long - final orders of the Court.

which is not alleged by the Complaint.  The Debtor filed the Complaint well after the 180-day deadline that permits revocation of the Confirmation Order based on fraud.  *See* 11 U.S.C. § 1330.  The Debtor's allegations of fraud are insufficient to challenge the binding effect of the Confirmation Order.[5]  Therefore, the Court must grant the Motion to Dismiss the Complaint as to Counts I and II.[6]

### III. CONCLUSION

For the reasons stated above, the Motion is **GRANTED** as to Counts I and II.  The Court will address the issues raised in Count III directly in the context of ruling upon AHMSI's Motion for Relief from the Automatic Stay, and will therefore treat Count III as a timely filed objection to that Motion.  This adversary proceeding is **DISMISSED**.

**BY THE COURT**:

Dated: November 2, 2012
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge

---

[5] Because the Court finds that *res judicata* precludes the relief sought by the Debtor, the Court does not reach the issues raised by the parties as to the Debtor's standing to challenge the assignment chain and AHMSI's alleged non-compliance with the contractual requirements of the securitization agreements.

[6] Count III is the Debtor's objection to AHMSI's Motion for Relief from the Automatic Stay.  The Court notes that the Debtor actively challenges whether cause exists under 11 U.S.C. § 362 to lift the stay.  Consistent with established practice in this jurisdiction, the Court will address these issues in the context of the Motion for Relief in the main case, rather than in this adversary proceeding.  A status conference will be held by the Court for the purpose of setting a schedule for hearing and disposition of the Motion for Relief.